Phil **RITCHIE,** Plaintiff,

v.

**GRAND CASINOS OF MISSISSIPPI, INC.,** Defendant.

No. **1:98–CV–325–RG.**

United States District Court,
S.D. Mississippi,
Southern Division.

Feb. 17, 1999.

tions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3).

Richard L. Jones, Alston & Jones, Jackson, MS, for Phil Ritchie, plaintiff.

Horace A. Thompson, III, McCalla, Thompson, Pyburn, Hymowitz & Shapiro, New Orleans, LA, Craig Alan Cowart, Lewis, Fisher, Henderson & Claxton, Memphis, TN, for Grand Casinos of Mississippi, Inc., defendant.

## MEMORANDUM OPINION AND ORDER

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the Motion of the Defendant, Grand Casinos of Mississippi, Inc., to Dismiss pursuant to FED. R.CIV.P. 12(b)(6). Plaintiff, Phil Ritchie, filed a two count complaint alleging a violation of the Family and Medical Leave Act ("FMLA") and breach of contract. After careful consideration of Defendant's Motion, the pleadings, briefs and arguments of counsel and the relevant legal authority, it is the opinion of the Court that said Motion should be granted in part and denied in part.

## DISCUSSION

Phil Ritchie was employed as an internal auditor by the Grand Casinos of Mississippi, Inc. ("Grand Casinos"). In February of 1996, Ritchie was diagnosed with degenerative disc disease of the lumbar spine. Unable to return to work due to his lumbar spine disorder, Ritchie began to take leave on March 18, 1996. On May 21, 1996, approximately nine weeks after Ritchie began to take leave, Grand Casinos designated Ritchie's absence as leave pursuant to the FMLA. Ritchie was released to return to work on July 22, 1996. However, Grand Casinos failed to restore him to the position he had held prior to March of 1996. Instead, Ritchie was offered, and accepted, a position at the Stratosphere Casino in Las Vegas, Nevada. As a condition to accepting alternate employment, Grand Casinos agreed that Ritchie's disability and medical benefits would continue without interruption. Ritchie injured his back while employed at the Stratosphere Casino and was discharged. He was subsequently told that he was not eligible for medical benefits. According to Ritchie, Grand Casinos violated the FMLA by failing to reinstate him to his previously held position. Additionally, Ritchie contends that Grand Casinos breached its agreement to provide uninterrupted disability and medical benefits under the "company's disability income plan."

## FMLA CLAIM

In 1993 Congress passed the FMLA, Pub.L. 103–3, Feb. 5, 1993, 107 Stat. 6.; 29 U.S.C. § 2601–2654. Among other things, the FMLA provides that eligible employees are entitled to twelve weeks of leave within a twelve month period when the employee suffers from "a serious health condition that makes the employee unable

to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). An employee who takes FMLA leave is entitled upon return to be restored to the position previously held, or an equivalent position, without loss of employment benefits. 29 U.S.C. § 2614(a). The Secretary of Labor is responsible for prescribing regulations necessary to carry out the purposes of the FMLA. 29 U.S.C. § 2654. Pursuant to Department of Labor ("DOL") regulations, an employer is entitled to notice of the need for FMLA leave sufficient to allow the employer to determine whether the leave qualifies under the FMLA. However, the employee is not required to expressly assert rights under the FMLA or even mention the FMLA to comply with the notice requirement. 29 C.F.R. § 825.208(a)(1) and (2); *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758 (5th Cir.1995). Once an employee provides the employer with notice of the need for leave, it is the responsibility of the employer to designate leave, paid or unpaid, as FMLA-qualifying, and to give the employee notice of the designation. 29 C.F.R. § 825.208(a). An employer who fails to designate leave as FMLA-qualifying "may not designate FMLA leave retroactively" and "none of the absence preceding the notice to the employee of the designation may be counted against the employee's 12–week FMLA leave entitlement." 29 C.F.R. § 825.208(c).

It is undisputed that Grand Casinos did not designate Ritchie's medical leave as FMLA-qualified until May 21, 1996. Consequently, applying 29 C.F.R. § 825.208(c), Ritchie was entitled to the full protections of the FMLA when he returned to work within the 12–week FMLA leave period on July 22, 1996. However, Defendant argues that § 825.208 is "void and of no effect as the Department of Labor overstepped its authority."[1] According to Defendant, Ritchie's FMLA leave entitlement began to run on March 18, 1996. Thus, on the date he returned to work, Ritchie had exhausted his 12–week leave entitlement and was not protected by the FMLA. Grand Casinos relies heavily on *Cox v. Autozone*, 990 F.Supp. 1369 (M.D.Ala. 1998). In *Cox*, the court held that by promulgating a regulatory scheme whereby the employer has the responsibility to designate FMLA-qualified leave and thereafter notify the employee of the designation, "the Secretary has overstepped his bounds" and the regulations are inconsistent with the stated purpose of the FMLA. *Id.* at 1380. However, other district courts have enforced the provisions of § 825.208. *See e.g. Blankenship v. Buchanan General Hospital*, 999 F.Supp. 832 (W.D.Va.1998); *Viereck v. City of Gloucester*, 961 F.Supp. 703 (D.N.J.1997); *Dintino v. Doubletree Hotels Corp.*, No. CIV.A. 96–7772, 1997 WL 717208 (E.D.Pa. Nov.14, 1997).

The Fifth Circuit has not yet considered the validity of 29 C.F.R. 825.208, and while this Court must determine "what the law is", it must do so with careful deliberation in order to prevent encroachment upon the traditional roles of legislative and executive branches of government. In *Chevron, U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the Supreme Court established a two-step method for judicial review of an agency's interpretation of a statute that it administers. First, the court must determine whether Congress "has spoken to the precise question at issue. If the intent of Congress is clear, that is the end of that matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id* at 842–43, 104 S.Ct. at 2781. Second, if Congress has not directly addressed the precise question at issue, or if the statute is ambiguous with respect to the specific issue, the Court asks whether the agency's interpretation "is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. at 2782.

---

1. *See* Defendant's Memorandum In Support Of Motion To Dismiss, pg. 2.

■ Pursuant to the FMLA, 29 U.S.C. § 2612, Congress stated that the duration of leave available under the Act is 12 weeks. That much is clear. What is less clear is when the 12–week leave period begins. The statute does not specifically identify a triggering event or any mechanism by which employees and employers can calculate the starting date of the 12–week entitlement. For example, does the 12–week entitlement begin when the employee first takes leave related to an unforeseeable "serious medical condition" or when the employer first receives notice. Is the 12–week entitlement period tolled during certification [2], and if so, can FMLA leave be counted retroactively? It is the opinion of the Court that the statute is silent with regard to these specific issues. Thus, the DOL was within its statutory authority when it "filled in the gaps" by promulgating § 825.208

■ It remains for the Court to determine whether the DOL regulations are "based on a permissible construction of the statute". "The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." *Chevron* at 843, 104 S.Ct. at 2782. In resolving this question, the courts must give controlling weight to an agency regulation unless it is arbitrary, capricious, or manifestly contrary to the statute. *Id.* at 844, 104 S.Ct. at 2782. This deference is due since between "between the courts and the agencies—the agencies have a greater claim to legitimacy to make policy choices than do the courts." *Mississippi Poultry Assoc., Inc., v. Madigan,* 31 F.3d 293, 299 n. 34 (5th Cir.1994). The DOL has chosen the regulatory scheme found at 29 C.F.R. 225.208. It is not for this Court to resolve whether the DOL's regulation is wisely chosen or ill advised. The Court's inquiry is limited to whether § 225.208 is arbitrary, capricious or manifestly contrary to the provisions of the FMLA. It is the opinion of this Court that Congress delegated to the DOL the authority to clarify by means of regulation the manner in which the FMLA 12–week entitlement is calculated and that § 225.208 is based on a permissible construction of the statute.

## PLAINTIFF'S BREACH OF CONTRACT CLAIM

■ Grand Casinos contends that Ritchie's breach of contract claims are preempted by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). In Plaintiff's memorandum brief, he does not argue that any available medical or disability benefits from Grand Casinos are not part of an employee benefit plan and therefore subject to the provisions of ERISA. In fact, Ritchie claims that Grand Casinos breached its agreement to provide uninterrupted disability and medical benefits under the "company's disability income plan". *See* Plaintiff's Complaint, p. 3, ¶ 16. Significantly, Ritchie admits in his complaint that the disability and medical benefits to which he claims entitlement fall under the company's disability plan. Therefore, Grand Casino's employee benefits plan admittedly constitutes an ERISA plan. 29 U.S.C. § 1144(a), preempts all state laws insofar as they "relate to any employee benefit plan covered by the Act." State law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Breach of contract claims under state law are preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39, (1987); *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290 (5th Cir.1989).

**IT IS THEREFORE HEREBY ORDERED AND ADJUDGED** that the Mo-

**2.** 29 U.S.C. § 2613 provides a mechanism whereby an employer can test the need for FMLA leave by requiring that a request for such leave be supported by a certification issued by a health care provider.

tion of the Defendant, Grand Casinos of Mississippi, Inc., to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) should be, and is hereby granted in part as follows. Defendant's Motion to Dismiss Plaintiff's claims under the Family and Medical Leave Act is **DENIED.** Defendant's Motion to Dismiss Plaintiff's breach of contract claim is **GRANTED.** Said claim is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED.**